UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TROY A. JACKSON, | ) | CASE NO. 1:08 CV 1036 |
| | ) | |
| Plaintiff, | ) | JUDGE ANN ALDRICH |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MANAGEMENT TRAINING CORP., et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On April 23, 2008, pro se plaintiff Troy A. Jackson filed the above-captioned action under 42 U.S.C. § 1983 against Management Training Corporation ("MTC"), Ohio Department of Rehabilitation and Correction ("ODRC") Director Terry Collins, First Correctional Medical Physician Victor Goble, First Correctional Medical Health Care Administrator Donna Teare, First Correctional Medical Nurse Leigh Pasanen, and First Correctional Medical Physician Vicky Owen. In the complaint, plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs. He seeks monetary and injunctive relief.

**Background**

Mr. Jackson is incarcerated in the Lake Erie Correctional Institution, a private prison which is owned and operated by MTC. He became extremely ill with severe abdominal pains and diarrhea on December 23, 2006. Thirteen days later, he reported to sick call complaining of the

same symptoms and reporting that his stomach pains had grown very sharp. MTC contracts with First Correctional Medical ("FCM") to provide health care for its inmates. FCM physician, Victor Goble, diagnosed Mr. Jackson with a stomach virus and refused to provide him with medication. He did perform blood tests. Several days later, Dr. Goble reported that Mr. Jackson was fine because he did not have HIV, Hepatitis B or Hepatitis C.

The symptoms continued unabated. Mr. Jackson contends he lost 12 pounds in two weeks. He asked to be sent to a specialist and was told by Dr. Goble that it would not be necessary. Mr. Jackson lost consciousness in his cell on January 23, 2007. He was revived minutes later. When he arrived at the infirmary, Ms. Pasanen accused him of faking his symptoms. He again complained of severe abdominal pain and rectal bleeding. He was told to "put some in a cup for proof." He indicates that when he attempted to comply, he became dizzy and bled all over the bathroom floor and toilet. He yelled for help. The corrections officer who responded to his cry summoned medical personnel.

Mr. Jackson was taken to the emergency room where it was determined that he was suffering from ulcerative colitis. He was hospitalized for seven days. He states that the treating physician theorized he would have died if he had not been brought to the emergency room. He was placed on multiple medications and returned to the institution on January 30, 2007.

One of the plaitniff's medications, Asacol, was to be taken until the prescription expired on August 2, 2007. Mr. Jackson contends that he once again began bleeding on August 10, 2007. He approached Ms. Teare on August 15, 2007, but she refused to renew his Asacol prescription. He claims Ms. Teare gave him another cup and told him to provide a sample of blood as proof. He was then told to leave the office or face placement in segregation. Mr. Jackson alleges

that Dr. Owens and Nurse Teare had him taken to segregation where he continued to bleed and complain of abdominal pain. He claims after seven to ten days, he was finally given his medication. He indicates he was sent to a medical specialist on September 27, 2007. He contends that the specialist informed him that his condition was chronic and that he should never have been off his medication. Mr. Jackson asserts that the defendants were deliberately indifferent to his serious medical needs.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, MTC and Terry Collins are dismissed pursuant to § 1915(e).

Mr. Jackson claims that MTC and ODRC Director Terry Collins failed to intervene to ensure that he received the proper treatment. For an individual supervisor or employer to be found liable for the acts of an employee under § 1983, the acts of the employee must have been in accordance with some official policy or custom or the supervisor must have encouraged the specific

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

misconduct or in some way directly participated in it. See Monell v. Dept. of Social Services, 436 U.S. 658, 690-91 (1978); Hays v. Jefferson County, Ky., 668 F.2d 869 (6th Cir. 1982); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). The complaint contains no suggestion of a custom or policy of either MTC or Mr. Collins which may have resulted in the deprivation of a federally protected right of the plaintiff. There is also no suggestion that any of these individuals encouraged, acquiesced in, or directly participated in the conduct described in the complaint.

## Conclusion

Accordingly, plaintiff's claims against Management Training Corp. and Terry Collins are dismissed as pursuant to 28 U.S.C. §1915(e). Further, the court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[2] This action shall proceed solely against Dr. Goble, Ms. Teare, Ms. Pasanen, and Dr. Owen. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendants.

IT IS SO ORDERED.

s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.