# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Troy A. Jackson, | : | Case No. 1:08CV1036 |
| | : | |
| Plaintiff | : | Judge Ann Aldrich |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Management Training Corporation, et al., | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Defendant | : | |

This action is before the court on the motion of defendants Donna Teare, R.N. and Vicky Owen, M.D., pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the amended complaint against them.

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint.[1] The Court appraises the complaint in a light most favorable to the plaintiff, assumes plaintiff's factual allegations as true, and determines whether the complaint states a valid claim for relief. *See, Bower v. Federal. Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996); *Forest v. United States Postal Service,* 97 F.3d 137, 139 (6th Cir. 1996). To survive the motion, the court must determine that the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

---

[1]The plaintiff has submitted additional documentation (Doc. #41) which appears to support his argument that he pursued his administrative remedies.  Those documents, however, are irrelevant to a motion which tests the facial sufficiency of the complaint, as they are not a part of that pleading.

Defendants seek dismissal of the complaint, pursuant to *42 U.S.C. §1997e(a)*, alleging the Plaintiff's failure to exhaust the administrative remedies prior to filing this lawsuit. Defendants rely on the premise that a prisoner seeking relief under *§1983* is required to allege and demonstrate exhaustion in the complaint as manifested in *Booth v. Churner*, 532 U.S. 731 (2001). Specifically, Defendants argue that Plaintiff's pleading in ¶ 18 of the Amended Complaint stating that "Plaintiff used the ODRC [Ohio Department of Rehabilitation and Corrections] grievance process … to make The Chief Inspector of The [ODRC] aware of the cruel and unusual punishment he had been receiving from First Medical Corrections" is insufficient to meet the exhaustion requirement.

On the other hand, Plaintiff argues that this administrative exhaustion requirement, pursuant to *§1997 e(a)*, has been adequately plead by virtue of ¶18, in addition to the pleading stating that "Plaintiff complained to defendants Teare and Owen for medication and/or help, and his complaints were ignored." (*See* ¶ 16 of Plaintiff's Amended Complaint). In support of his argument, Plaintiff cites *Jones v. Bock*, 549 U.S. 199 (2007) where the Court extensively analyzed the issue of exhaustion and addressed the Sixth Circuit procedural rules "designed to implement this exhaustion requirement and facilitate early judicial screening". *Id* at 202-3. The Court in *Jones* concluded "that failure to exhaust is an affirmative defense under the PRLA [The Prison Litigation Reform Act of 1995], and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id* at 216.

Defendants' argument does not challenge the factual allegations of the complaint, and thus this court is left to determine its facial sufficiency. While there is no dispute that exhaustion is mandatory under the PLRA, this Court holds that the plaintiff was not required to plead and demonstrate exhaustion in the complaint in any greater detail than he has done. This Court finds

2

that under the rationale in *Jones* requiring a plaintiff to plead and demonstrate exhaustion in the complaint would result in imposing a heightened pleading standard, which in turn would undermine Federal Rule of Civil Procedure 8(a) requiring "a short and plain statement of the claim" in the complaint. *See Jones,* 549 U.S. at 212 (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination,* 507 U.S. 163, where the Court "unanimously reversed the Court of Appeals for imposing a heightened pleading standard in *§1983* suits against municipalities").

It is clear to this Court that the complaint, on its face, sufficiently alleges exhaustion to survive a motion to dismiss.[2]

Alternatively, Defendants seek dismissal of the complaint pursuant to Rule 10(D)(2) of the Ohio Rules of Civil Procedure for the failure to include an Affidavit of Merit when filing the complaint. Defendants allege that "the substance of Plaintiff's Amended Complaint sounds in medical negligence," and therefore State medical malpractice law should govern this case. They further argue that, even though framed as "Constitutional claims," Plaintiff's claims "fall squarely within … the definition of a medical claim" pursuant Ohio Revised Code § 2305.113(E)(3) and as such, the failure to comply with Ohio procedural requirements is sufficient basis for dismissal. (*Id*).   This Court finds this argument without merit. This case is clearly one that is premised upon alleged violation of the Eighth Amendment of the United States Constitution, and is therefore not governed by the Ohio statute relied upon by Defendants.

---

[2] This determination is not conclusive on the issue of whether the plaintiff did in fact exhaust his administrative remedies, and that issue may well be revisited as the action progresses.

It is accordingly recommended that Defendants' motion be denied.


s/DAVID S. PERELMAN
United States Magistrate Judge


DATE:   February 18, 2010



**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).