UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TROY A. JACKSON, | ) | |
| | ) | Case No. 1:08-CV-1036 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE ANN ALDRICH |
| | ) | MAGISTRATE JUDGE PERELMAN |
| MANAGEMENT TRAINING CORP, et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |

This case is referred to Magistrate Judge Perelman for general pretrial supervision. Before the court is defendants Donna Teare's and Vicky Owen's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Dkt. 38]. A report and recommendation (R&R) was issued on February 18, 2010 recommending that the motion be denied [dkt. 42]. Subsequently, the defendants filed their objections [dkt. 43] and plaintiff Troy A. Jackson filed his reply [dkt. 44].

For the following reasons, the court adopts the well-reasoned and thorough R&R in its entirety and denies defendants' motion to dismiss.

**I.     FACTS & ANALYSIS**

Jackson is presently incarcerated at the Lake Erie Correctional Institution. As an inmate, Jackson brings the instant 42 U.S.C. § 1983 claim alleging that the defendants, who are both employed by First Correctional Medical and provide health care for inmates at The Lake Erie Correctional Institution, were "deliberately indifferent to the medical needs of the plaintiff" in violation of "the Eighth and Fourteenth Amendments to the United States Constitution." [Dkt. 29, at 2-3].

Paragraph 18 of Jackson's amended complaint [dkt. 29] states that:

> Plaintiff used the ODRC grievance process in February, 2007 to make The Chief Inspector of The Ohio Department of Rehabilitation and Corrections aware of the cruel and unusual punishment he had been receiving from First Medical Corrections, thereby exhausting his administrative remedies. 12. [Sic] E a c h defendant named in this action acted under the "color of state law" and are liable for each claim and cause of action in the foregoing relief.

[Dkt. 29, at 3].

The main thrust of defendants' motion is that:

> 42 U.S.C. § 1997e(a) and the United States Supreme Court's decision in *Booth v. C.O. Churner*, 532 U.S. 731 (2001), preclude Plaintiff from bringing this 42 U.S.C. § 1983 Civil Rights action due to Plaintiff's failure to exhaust administrative remedies prior to seeking relief in federal court.

[Dkt. 38, at 1].

The R&R concluded that, under the recent Supreme Court case *Jones v. Bock*, 549 U.S. 199 (2007), "the plaintiff was not required to plead and demonstrate exhaustion in the complaint in any greater detail than he has done." [Dkt. 42, at 2].

Pursuant to Federal Rule of Civil Procedure 72(b)(3) this court reviews *de novo* all proper objections to the R&R.

The defendants' response and objections to the R&R, however, do not even address the R&R's reading of *Jones v. Bock* or its application. In that *Jones* is the key authority relied upon by Magistrate Judge Perelman, this omission is puzzling. Instead, defendants rely upon *Aschroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), which requires that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citations omitted). Yet, *Iqbal* neither abrogates nor conflicts with the holding in *Jones*.

Accordingly, this court finds no reason to overrule Magistrate Judge Perelman's finding that the

complaint sufficiently alleges exhaustion to survive a motion to dismiss." [Dkt. 42, at 3]. As the defendants do not object to the R&R's disposition on defendants argument in the alternative, there is no need for this court to address that issue.

### III. CONCLUSION

For the above reasons, the court adopts the R&R in its entirety and denies defendants' motion to dismiss. The case remains referred to Magistrate Judge Perelman.

       /s/*Ann Aldrich*
    ANN ALDRICH
    UNITED STATES DISTRICT JUDGE

**Dated:** March 26, 2010